UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK EXLER,<br><br>     Plaintiff,<br><br> v.<br><br>CEDORA, INC.,<br><br>     Defendant. | Docket No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Patrick Exler ("Plaintiff"), by and through undersigned counsel, as and for his Complaint against Defendant, Cedora, Inc. ("Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the Defendant's unauthorized reproduction, distribution, and public display of a duly copyrighted photograph of the Menara Gardens in Marrakech, Morocco. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

**JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in Massachusetts, maintains its principal executive office in Massachusetts, and is registered with the Massachusetts Secretary of the Commonwealth Corporations Division.

1

4. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a professional photographer in the business of licensing his work for a fee, having a usual place of business at 16 Rudhardshäuser Weg, Schotten, Germany 63979.

6. Upon information and belief, Defendant is a domestic corporation duly organized and existing under the law of the Commonwealth of Massachusetts. Defendant's principal place of business is located at 292 Newbury Street, Suite 305, Boston, Massachusetts 02115.

7. Defendant is registered with the Massachusetts Secretary of the Commonwealth Corporations Division to do business in Massachusetts.

8. At all times material hereto, Defendant has owned and operated a website at the URL: http://www.realadventures.com/ (the "Website").

## STATEMENT OF FACTS

*Background and Plaintiff's Ownership of the Photograph*

9. Plaintiff created a photograph of the Menara Gardens in Marrakech, Morocco, entitled "Casablanca-Exler" (the "Photograph").

10. A true and accurate copy of the Photograph is attached hereto as **EXHIBIT A**.

11. Upon information and belief, in or around May 2013, the Defendant published the Photograph as part of their travel website advertising the "Best of Morocco Experience."

12. True and accurate copies of screenshots from the Defendant's website are attached hereto as **EXHIBIT B**.

13. The website did not identify Plaintiff as the author of the Photograph.

14. Plaintiff is the author of the Photograph and has, at all times, been the sole owner of all rights, title, and interest in and to the Photograph, including the copyright thereto.

15. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-166-427 with the effective date of August 16, 2019 (the "Registration").

16. A true and accurate copy of the Registration Certificate is attached hereto as **EXHIBIT C**.

17. The Photograph was first published on January 16, 2005. See **Ex. C**.

*Defendant's Infringing Activities*

18. In 2013, Defendant published the Photograph as part of an online travel advertisement for "Best of Morocco Experience" published as URL: https://www.realadventures.com/slideshow/1276269/12 (the "Infringing Article"). See **Ex. B**.

19. The Defendant did not license the Photograph from the Plaintiff for its Infringing Article, nor did Defendant have Plaintiff's permission or consent to reproduce, distribute, or publicly display the Photograph on its Website.

20. Upon information and belief, the Defendant removed Plaintiff's copyright management information and attributed the work to itself.

21. Plaintiff did not actually discover Defendant's infringement until September 20, 2018.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGMENT**
**(17 U.S.C. §§ 106, 501)**

22. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint and incorporates them into this count as if specifically alleged herein.

23. Defendant infringed Plaintiff's copyright in the Photograph by reproducing, distributing, and publicly displaying the Photograph on the Infringing Article.

24. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

25. The acts of Defendant complained of herein constituted infringement of Plaintiff's copyright and exclusive rights under copyright law in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by Defendant have been willful and/or in reckless disregard of Plaintiff's rights.

27. As a direct and proximate cause of the Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright law, Plaintiff is entitled to statutory damages and Defendant's profits pursuant to 17 U.S.C. § 504(c) for said infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

28. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint and incorporates them into this count as if specifically alleged herein.

29. Upon information and belief, in its Infringing Article, Defendant knowingly removed copyright management information identifying Plaintiff as the owner of the Photograph.

30. Defendant's removal and/or alteration of the copyright management information was made without the knowledge or consent of Plaintiff.

31. The alteration and/or removal of said copyright management information was made by Defendant with reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

32. Defendant's conduct violated 17 U.S.C. § 1202(b)(3).

33. As a result of the wrongful conduct of the Defendant as alleged herein, the Plaintiff is entitled to recover from Defendant the damages that he sustained and will sustain, and any gains,

profits, and advantages obtained as a result of Defendant's violation of 17 U.S.C. § 1202(b), including attorneys' fees and costs.

34. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in the sum of at least $2,500 up to $25,000 per violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Patrick Exler, respectfully requests that this Honorable Court enter judgment against the Defendant, Cedora, Inc., as follows:

1. Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b)(3);

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph pursuant to 17 U.S.C. § 504(b);

4. With regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or, b) alternatively, statutory damages of at least $2,500 and up to $25,000 per each instance of removal and/or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs pursuant to Fed.R.Civ.P. 54(d);

7. That Plaintiff be awarded pre-judgment interest; and,

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**Plaintiff,
PATRICK EXLER,**

By his attorneys,

/s/ *Travis J. Jacobs*
/s/ *Amie DiGiampaolo*

Travis J. Jacobs, Esq. (MA BBO# 671921)
Amie DiGiampaolo, Esq. (MA BBO# 662558)
THE JACOBS LAW, LLC
36 Bromfield Street, Ste. 502
Boston, MA 02108
TJacobs@TheJacobsLaw.com
AmieD@TheJacobsLaw.com

Dated: September 16, 2021      800.652.4783 (P) / (F) 888.613.1919